Daniel, Judge.
 

 — If the plaintiff had the better title to the land, and could have defended the possession of Buch-annan his tenant, in the action of ejectment which was brought by Edwards against him, and did not do so, he has no right to maintain this action; for the covenant for quiet enjoyment was, in law, not broken. It therefore becomes necessary for us to inquire, whether he had the better title. The Court instructed the jury, that if the conveyance from Gentry to Hudspeth, was fraudulent as to his, Gentry’s, creditors, the land was liable to the claims of the creditors in the hands of Cowles, (and it must be stronger as to Martin,) although he had no notice when he purchased. This opinion of the Judge is sanctioned by a high name, for the Chancellor of New York made a similar decision in the case of
 
 Roberts
 
 v.
 
 Anderson,
 
 3 John. Chan. Rep. 371. The Chancellor said,
 
 “
 
 the original deed from
 
 *31
 
 the debtor to a fraudulent grantee
 
 is utterly void
 
 as to ere-ditors; and as against them, the grantee can make no conveyance, for he has no title as against them. The statute in its enacting clause, operates on the deed from the fraudulent debtor, and the proviso in the act applies to that original conveyance from the debtor, and saves it when made to a
 
 iona fide
 
 purchaser, for valuable consideration. Such a conveyance is supported by the proviso, however fraudulent the intention of the grantor might be.” But there was an appeal from the Chancellor’s decision, and the decree was reversed in the Appellate Court,' (18 John. Rep. 518). There Judges Spencer and Platt, gave elaborate opinions. They go into a long train of reasoning, to show, that by a proper construction of the proviso in the statute, I3th Eliz., a
 
 bona fide
 
 purchaser from a fraudulent vendee, has a good title against any claim of a creditor of the fraudulent vendor. They say, that the deed is good as between the parties; as against the grantor the deed is effectual; that the fraudulent grantee has a title and a right to alienate, and although the estate is voidable, and may be avoided and divested whilst in the hands of the first grantee, by action of the creditors of the first grantor, still if the grantee convey the estate to a
 
 bona fide
 
 purchaser, his title is protected by the proviso. Neither policy nor justice required the legislature to declare otherwise, because the
 
 bona fide
 
 purchaser has, by those principles,. as good a right to be protected in his purchase, and saved from the loss of his money, as the creditor has to obtain his debt: he is innocent, whatever may be the guilt of others. And by the adoption of this rule, the stability of property would be more secure; and therefore the proviso was inserted, not only to protect the
 
 bona fide
 
 grantee of the fraudulent grantor, who, before was protected by the common law, but also to protect the
 
 bona fide
 
 vendee of the fraudulent grantee. The
 
 terms
 
 of the proviso are broad and extensive; they apply to any conveyance, whether from the ¡fraudulent grantor or fraudulent grantee. It meant to protect a bona
 
 fide
 
 purchaser for valuable consideration, without notice of the fraud, from the operation of the statute. No deed can be pronounced,
 
 *32
 
 in a legal sense,
 
 utterly void,
 
 which is valid as to some persons, but may be avoided at the election of others. In Bacon’s Ab. tit.
 
 Void and Voidable,
 
 we have the true construction. A thing is void, which is done against law at the very time of doing it, and when no person is bound by the act; but a thing is voidable which is done by a person who ought not to have done it, but v^ho, nevertheless, cannot avoid it himself, after it is done. The words “ utterly void,” in the statute, must necessarily be construed as voidable only by the party grieved. It is admitted, on all hands, both in England and this country, that a
 
 bona fide
 
 purchaser from a voluntary grantee, who has first obtained his conveyance, shall hold the land against the subsequent
 
 bona fide
 
 vendee, from the original grantor; and that the statute 27 Eliz. does not make void the conveyances; for the rule here is
 
 qui prior est tempore, potior est jure.
 
 And this rule arises out of what is said to be a proper construction of the proviso in the statute of the 27 Eliz. (Roberts Fraud. Con. 496.
 
 Neiqport’s case,
 
 Skinner, 423. 3 Lev. 387.
 
 Doe
 
 v.
 
 Martyr,
 
 4 Bos. & Pul. 332.) We have met with no decision in the English Courts of law, which establishes this construction of the statute of the 13 Eliz.; but in the case of
 
 George
 
 v.
 
 Millbanke,
 
 9 Ves. jun. 189, Lord Ehdow, after much deliberation, held the equity of a purchaser from the voluntary appointee of a debtor, to be preferable to the equity of his general creditors, who had obtained no specific lien; and in his reasoning professes to follow by analogy the rule which obtains at law. This we consider as a strong recognition of this construction. It is also worthy of observation, that the wording of the proviso in the two statutes, is substantially the same. And it may be asked, if there can be any good reason, why the title of the
 
 bona fide
 
 vendee, from a voluntary fraudulent grantor should be declared good, in a case arising under the statute of the 27 Eliz., and not so in the other 1 The 4th, 5th and 6th sections of our act of 1715,
 
 (Rev. ch.
 
 7,) although not in
 
 totidem verbis,
 
 are nevertheless, substantially, a copy of the statute of the 13 Eliz. The 4th section, declares a conveyance made to defraud creditors,
 
 utterly void ;
 
 but as between the parties to the conveyance,
 
 *33
 
 it stands good according to the principles of the common law. The 6th section is in the nature of a proviso: It runs thus, “
 
 Provided always, and he it further enacted,
 
 that this act, nor any thing hereinbefore' contained, shall not extend, or be construed to impeach, defeat, or make void, any conveyance or assurance, interest, limitation of use, or uses, of, in, to, or out of any lands or tenements, heretofore at any time had or made, or hereafter to be
 
 bona fide
 
 made, upon and for good considerations, to any person or persons whatsoever, any thing before mentioned to the contrary notwithstanding.” The doctrine, whether a
 
 bona fide
 
 purchaser for a valuable consideration, without notice, can protect thé estate in his own hands against creditors, where he derives his title to the estate through a grantee, to whom it was originally conveyed for the purpose of defrauding the creditors of the original grantor, has been ably examined by Judge Story, iij the case of
 
 Bean
 
 v.
 
 Smith,
 
 2 Mason’s Rep. 272, and his opinion upon the subject, (in which he reviews, and disapproves of, the decision made by the Chancellor of New-York, in the case of
 
 Roberts
 
 v.
 
 Anderson,
 
 before mentioned,) contains muc h learning and solid reasoning, and to my mind, satisfactorily establishes the principle, that the
 
 bona fide
 
 purchaser from the fraudulent grantee, is protected by the proviso in the 13 Eliz. against the creditors, of the fraudulent grantor. His opinion is in conformity with that given by the Court of Errors in New Yoi'k, (18 John. Rep. 518.) I think the same rule must be followed under our statute.
 

 If any doubt existed, whether Cowles could be considered a
 
 bona fide
 
 purchaser, none exists that Martin, who purchased from him, was a
 
 bona fide
 
 purchaser, and -if he negligently permitted a recovery in ejectment to be effected, it does not entitle him to maintain this action. We are therefore of the opinion, that the Judge erred in his charge to the jury, and that the judgment must be reversed and a new trial granted.
 

 Per Curiam. Judgment reversed.