C. MCKINNIS, Appellant, v. T. J. ESTES *et al.*, Appellees.

**Conveyance of Real Estate:** MORTGAGE: PAYMENT: EVIDENCE.

*Appeal from Keokuk District Court.*—HON. W. R. LEWIS, Judge.

MONDAY, OCTOBER 20, 1890.

ACTION to foreclose a mortgage. Upon a trial on the merits, the plaintiff's petition was dismissed. He now appeals to this court.

*Smith & Talley,* for appellant.

*E. S. Samson,* for appellees.

BECK, J.—I. The mortgage was executed to secure a debt of fifty dollars by Mary A. Estes. It covers twelve acres of ground. The mortgagor, who subsequently died, devised the land for life to defendant, J. H. Estes, a son, and directed in her will that, upon his death the property should be sold, and the proceeds divided among her other children and grandchildren. The defendants in their answer allege, that the mortgage was paid by J. H. Estes to plaintiff, the assignee thereof.

II. We think this defense is established by the preponderance of the evidence. The defendant, J. H. Estes, testifies that he conveyed the land to plaintiff in payment of an account held by plaintiff for medical attendance and the satisfaction of the mortgage, which plaintiff agreed to acquire from the mortgagee, and then cancel it. The defendant's evidence is contradicted by plaintiff, who testifies that he was to discharge the bill for medical attendance for the land, and give nothing more. He is not corroborated. Defendant is corroborated by the evidence of a witness who testifies that plaintiff stated to him, soon after the transaction, that he was to pay off the mortgage, and discharge the account for medical attendance in payment for the land. The fact that the consideration named in the deed about equals the amount due on the mortgage also corroborates defendant.

III. Plaintiffs insists that the contract set up by defendant was made on Sunday, and, therefore, cannot be enforced. This position is not sustained by the evidence. Negotiations may have been had on Sunday, but the contract was agreed to and consummated on another day.

It is our opinion that the decree of the district court ought to be AFFIRMED.