[No. 1839. Decided May 21, 1895.]

COLUMBIA & PUGET SOUND RAILROAD COMPANY, *Respondent*, v. H. E. BRAILLARD *et al.*, *Defendants*, D. S. GALLOWAY *et al.*, *Appellants*.

DISMISSAL OF APPEAL — LIABILITY ON APPEAL BOND.

Where an appeal is dismissed because the sureties upon the bond are found insufficient, no judgment for damages and costs can be rendered against them.

*Appeal from Superior Court, King County.*

*Andrew F. Burleigh*, for respondent.

The opinion of the court was delivered by

GORDON, J.—Respondent, upon a short record, moves for a dismissal of this appeal, for an order affirming

the judgment appealed from, and for damages, and that judgment be rendered against the sureties upon the appeal bond for the reason that said appeal bond was not filed within the time limited by law and is not such in form or substance as to render it effectual.

It appears from the record that the appellants, within five days after serving notice of appeal from the judgment entered below, served and filed an appeal bond conditioned so as to effect a stay of proceedings, and thereafter the respondent excepted to the sufficiency of the sureties upon such bond. It further appears that upon an examination of said sureties the court found them insufficient.

Counsel for the appellants concede that the motion to dismiss the appeal must be granted, but insist that judgment should not be directed against the sureties upon the bond.

Sec. 11 of the act approved March 8, 1893, in relation to appeals to the supreme court, Laws 1893, p. 125, provides:

"If the judge upon such examination is satisfied that the surety or sureties are qualified as such, to the extent to which they are required by § 8 of this act to make affidavit, then he shall make a certificate to that effect indorsed upon or attached to the bond, which shall thereupon stand as a sufficient appeal bond to the effect expressed in the condition thereof; *but if he is not so satisfied,* or if the sureties fail to attend and justify, then the judge shall in like manner certify to that effect, *and thereupon the bond shall become void."*

It is doubtless true that the word "void," when used in a statute, does not always mean absolutely void for every purpose, and in determining its meaning in a given case regard must be had to the subject matter of the statute, its scope, purpose and effect. We think that by refusing to accept the bond as sufficient, and

by taking proceedings to have it determined ineffectual for the purposes of an appeal, the respondent is not entitled to judgment against the sureties. Here the appeal is dismissed because the sureties upon the bond are found insufficient, and we think it inconsistent that respondent should be permitted to treat it as an effectual obligation after it has secured an adjudication that it is not such.

The motion to dismiss must be granted, and respondent will recover against the appellants its costs; but the application for judgment against the sureties and for damages will be denied.

HOYT, C. J., and ANDERS, J., concur.

SCOTT and DUNBAR, JJ., dissent.