EUGENE H. FLETCHER *vs.* STEPHEN E. LAKE.

Somerset.    Opinion September 27, 1922.

*The vendee cannot invoke the Statute of Frauds, in a parol contract for the sale of land, when the vendor is ready and willing to perform the contract and seeks to recover on a note given by vendee in payment therefor.*

It is necessary for the maker of such a note, in order to avoid payment of it, to aver and prove the same facts that he must prove if he had brought an action to recover money paid by him to the vendor.

The person advancing money under an oral contract for the purchase of lands, or an interest in lands, cannot recover it back so long as the other party is able, ready and willing to perform the contract on his part.

A verbal contract, not enforceable under the Statute of Frauds, is voidable only, and is a sufficient consideration for a note given by reason of the agreement, providing the payee of the note is ready and willing to be bound by the agreement.

Under the express stipulation in the agreed statement of facts that the plaintiff was ready and willing to sell and convey his farm to the defendant in accordance with an oral agreement made between the parties, which agreement the defendant failed to carry out, the plaintiff's action to recover on the promissory note of the vendee, given by reason of the oral contract as above set forth, must prevail.

On agreed statement of facts. This is an action of assumpsit to enforce payment of a promissory note given by defendant to plaintiff as part payment of the purchase price of a farm. The plaintiff and defendant entered into an oral agreement under the terms of which plaintiff agreed to sell and convey to defendant his farm situate in Pittsfield, and certain personal property about and upon said farm, defendant to pay him $5,400, by giving the note of $400 declared upon in this action, and to pay $5,000 more in two months. Defendant never carried out the conditions of the contract or agreement, although plaintiff was ready and willing to do and perform all the conditions of the contract to be performed by him. Judgment for plaintiff.

The case is fully stated in the opinion.

*H. R. Coolidge,* for plaintiff.

*W. S. Lewin,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

PHILBROOK, J. This action is brought to enforce payment of a promissory note, given by defendant to plaintiff, dated June 25, 1920, due two months after date, the principal of the note being four hundred dollars. On said twenty-fifth of June the parties made an oral contract whereby plaintiff agreed to sell, and defendant agreed to buy, certain real estate, the note in suit being given as part payment of the purchase price of the property.

The defendant claims that he ought not to be required to pay the note, as he has not received any consideration for the same; that at the time of the giving of the note it was in the minds of the parties that upon the payment thereof he would receive a deed of the farm from the plaintiff; that he had at no time any contract in writing, nor had any acts been performed by him under which he could go into equity and ask for a specific performance of a contract to convey real estate by virtue of the oral agreement; that the note was given as a part payment of the price of purchase; that he ought not to be called upon to pay it unless the farm was actually conveyed to him; that the plaintiff has refused to convey the farm and does not set out in his pleadings or brief statement that he is now, or was when suit was brought, ready or willing to convey the farm to the defendant upon the payment of the note and the carrying out of the remainder of the verbal contract made in June, 1920; that defendant never was in possession of the farm, never was in control of it, never was in a position where he could exercise any of the rights of an owner; that he did not receive any of the benefits of the crops raised thereon nor of the personal property consisting of live stock, farming utensils and growing crops that were included in the sale; that he ought not to be required to pay the note and the plaintiff retain title to the farm; and, finally, that in order to recover on this note the action should be brought upon the entire contract and the plaintiff offer to convey the farm

to the defendant upon the carrying out of the terms of the agreement, which act of conveyance the plaintiff has refused to perform.

The case is reported upon an agreed statement of facts, including four letters from defendant to plaintiff, one from plaintiff to defendant, and one from plaintiff's attorney to defendant. This court, upon this agreed statement, is to render such judgment as the law and the evidence require. If defendant is liable then judgment is to be rendered for the plaintiff for the amount of the note and interest; otherwise judgment is to be rendered for the defendant. As to the facts, therefore, we are confined to the statement thereof signed by the parties, thus admitting the truth and accuracy of such statement.

A careful examination of the statement, comparing it with the claims of the defendant as above set forth, shows that he is laboring under a misapprehension of the statement to which he agreed. No where in that statement does it appear that the plaintiff is not ready and willing to be bound by the oral agreement. On the contrary in the final letter of the correspondence, that written by plaintiff's attorney to the defendant on September 11, 1920, seventeen days after the maturity of the unpaid note, appears this language "He (the plaintiff) has been ever since the trade was made and is now ready to perform his part of the contract and will continue to be ready to do so for ten days from this date." If defendant claims that this language is to be interpreted as meaning that at the expiration of ten days the plaintiff would not perform, then we must observe the most significant language of the agreed statement that "The plaintiff continued in the occupation of said farm and was ready and willing to sell and convey said farm to the defendant in accordance with said oral agreement." There is no restriction of time nor refusal to convey in this statement, neither is there any evidence to show that plaintiff ever conveyed the premises to any other person. Therefore, the doctrine in *Little* v. *Thurston*, 58 Maine, 86, and kindred cases cited by defendant, is not applicable to the case at bar.

On the other hand it has been repeatedly held that as between the parties to a parol contract for the sale of land the vendee cannot invoke the Statute of Frauds when the vendor is ready and willing to perform the contract and seeks to enforce the note of the vendee

given in payment therefor.   29 Am. and Eng. Ency. of Law, 808, 2d Edition and cases there cited; *Niles* v. *Phinney*, 90 Maine, 122, and cases there cited.

Moreover, it is necessary for the maker of such a note, in order to avoid payment of it, to aver and prove the same facts that he would have to prove if he had brought an action to recover money paid by the vendee. *McGowen* v. *West*, 7 Missouri, 569; 38 Am. Dec. 468. But the party advancing money under an oral contract for the purchase of lands, or an interest in lands, cannot recover it back so long as the other party is able, ready and willing to perform the contract on his part. *Gammon* v. *Butler*, 48 Maine, 344, *Niles* v. *Phinney*, supra. Finally it should be said that under the authority of 8 C. J., 231, and cases there cited, a verbal agreement, not enforceable under the Statute of Frauds, is avoidable only, and is a sufficient consideration for a note given by reason of the agreement, providing the payee of the note is ready and willing to be bound by the agreement.

Under the terms so explicitly set forth in the agreed statement, upon which both parties rely, it is the opinion of the court that plaintiff must prevail.

*Judgment for plaintiff for $400 and interest thereon from August 25, 1920.*