Argued April 16, affirmed June 4, 1929.

KATHERINE E. BARTON, *v.* HARRY W. SIMMONS.

(278 Pac. 83.)

For appellant there was a brief over the names of *Mr. George N. Woodley* and *Mr. Estes Snedecor,* with an oral argument by *Mr. Woodley.*

For respondent there was a brief over the names of *Mr. G. C. Fulton* and *Mr. A. C. Fulton,* with an oral argument by *Mr. G. C. Fulton.*

McBRIDE, J.— Defendant admits entering into an oral agreement with plaintiff for the purchase of her real and personal property and the deposit of the certificate of stock with the bank as a guaranty of his promise to pay $2,500 on the purchase price, as shown

by the written agreement of deposit. By the terms of that agreement, plaintiff became at the very instant it was made, vested with a special property as the certificate could only be divested by defendant paying $2,500 to the bank on the fifteenth day of June, 1927. The defendant interposes but one defense, the statute of frauds. He says that the written agreement is not what it seems to be, a complete instrument, but is only a part of a larger transaction, which, by reason of the statute of frauds, is void, and, that the larger contract being void, the written contract falls with it.

Much depends therefore upon the meaning of the word "void" as used in Section 808, Or. L. Section 808, Or. L., so far as it relates to the present controversy, is as follows:

"Agreement not in Writing, When Void. In the following cases the agreement is void unless the same or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party to be charged, or by his lawfully authorized agent; evidence, therefore, of the agreement shall not be received other than the writing, or secondary evidence of its contents, in the cases prescribed by law.

"1. An agreement that by its terms it is not to be performed within a year from the making thereof:
* *

"5. An agreement for the sale of personal property at a price not less than $50 unless the buyer accept and receive some part of such personal property, or pay at the time some part of the purchase money; but when the sale is made by auction, an entry by the auctioneer in his sale book, at the time of the sale, of the kind of property sold, the terms of the sale, the price and the names of the purchaser and person on whose account the sale is made, is a sufficient memorandum;

"6. An agreement for the leasing for a longer period than one year, or for the sale of real property, or of any interest therein";

While the word "void" primarily means an act utterly of no effect and incapable of ratification, it is frequently, and perhaps most frequently, used as synonymous with "voidable" as shown by the citations following:

"Void. That which has no force or effect. This word is often used as in effect meaning 'voidable' only; [*Bennett* v. *Mattingly*] 110 Ind. 202 (10 N. E. 299, 11 N. E. 792); and is seldom, unless in a very clear case, to be regarded as implying a complete nullity, but is to be taken in a legal sense, subject to a large qualification in view of all the circumstances calling for its application and the rights and interest to be affected in a given case; [*Brown* v. *Brown*] 50 N. H. 552. See [*Kearney* v. *Vaughan*] 50 Mo. 287. In formal instruments it has been held to mean voidable; 4 B. & Ald. 401; 4 Bing. (N. C.) 395; and in contracts of infants: 14 Ir. C. L. 61. The distinction between void and voidable transactions is a fundamental one, though it is often obscured by carelessness of language. An act or agreement void from the beginning has no legal effect at all except so far as any party to it incurs penal consequences. A voidable act on the contrary takes its full and proper legal effect unless, and until it is disputed, and set aside by some tribunal entitled so to do; Poll. Contr. 8. A voidable contract has been defined to be such an agreement as that one of the parties is entitled to his option to treat as never having been binding on him; id. 9. As applied to contracts the distinction between the terms void and voidable is often one of great practical importance, and wherever technical accuracy is required, the term void can only be properly applied to such contracts as are a mere nullity and incapable of ratification or confirmation; [*Allis* v. *Billings*] 6 Metc. (Mass.) 417 (39 Am. Dec.

744). Agreements to hinder, delay, and defraud creditors are not void but merely voidable against the creditors, while valid between the parties; Pom. Contr., § 282.''

*Lawrence & Burd* v. *Hornick,* 81 Iowa, 193, 195 (46 N. W. 987); *Van Shaack* v. *Robbins,* 36 Iowa, 201; *Pearsoll* v. *Chapin,* 44 Pa. St. 9; *Columbia etc. R. R. Co.* v. *Braillard et al.,* 12 Wash. 22 (40 Pac. 382); *Martin* v. *Cowles,* 18 N. C. 29, 32. From all of these authorities, as well as a multitude of others, we conclude that the term "void," as here used, is synonymous with voidable.

A contract, in respect to real estate, is not like a gambling contract or other illegal contracts, void as against public policy, being wholly lawful in that sense; but the law merely provides that the method of proof shall be in writing, thereby making it optional with either party to perform the contract or not as he may choose. A party commits no offense in making an oral contract to convey land, but when he attempts to enforce it, he finds himself against a stone wall in the requirement that he must produce a memorandum of the agreement in writing signed by the party to be charged.

We see no difference in this case between the defendant putting up these shares of stock or depositing an amount of money with the bank with instructions that, if he failed to pay $2,500 at a certain date, the bank should turn the money over to plaintiff. The principle is exactly the same and it is settled law that money paid upon an oral contract for the purchase of land cannot be recovered if the vendor is ready and willing to comply with his contract, which is the case here: *Fletcher* v. *Lake,* 121 Me. 474 (118 Atl. 321); *Murman* v. *Manning,* 125 Misc. Rep. 830 (211 N. Y.

Supp. 575); *Hefford* v. *Lichtman,* 116 Misc. Rep. 692 (190 N. Y. Supp. 554).

■ The oral contract was sufficient consideration for the deposit. *Fletcher* v. *Lake, supra.* This view of the transaction, not only satisfies the technical law of the case, but, is in accordance with justice and good morals. The defendant in his answer admits an oral contract containing every term and stipulation which would authorize plaintiff to compel specific performance, except for the important fact that it was not in writing and therefore unenforceable. The written contract, which defendant denominates an escrow contract, is complete in itself; it says in effect, "If I do not pay you $2500 on my agreement to purchase on or before the 15th day of June, 1927, these shares of stock are yours, and the bank must turn them over to you." He now pleads in court what amounts to a "bunko trick"; that the whole proceeding was void and that the plaintiff, although she has held the property for him from May 13th to June 15th, 1927, and is still ready to convey it in accordance with the agreement, shall not only lose the benefit of her bargain, but shall give back the stock upon the faith of which she made the agreement. It is difficult to say whether the defense is designed to be legal or equitable. If legal, the only defense would be a denial of the execution of the "escrow agreement" or a plea that the consideration thereof had failed, or that plaintiff had refused to convey, neither of which facts exists here. If equitable, no court would allow the defense in the absence of allegations tending to show some default on the part of the plaintiff. The statute of frauds was never designed to perpetrate a fraud, and it would be a gross fraud on plaintiff to allow

defendant not only to be released, upon a technicality, from complying with his agreement to purchase plaintiff's property, but also to give him back the property which he deposited as an earnest of his good intentions.

This action is not an attempt to enforce specific performance of an oral agreement to convey property, real or personal, but to enforce a written contract made upon a sufficient consideration to turn over to plaintiff specific personal property. All the conditions, under which the certificate was to become the property of plaintiff, have been complied with and she is the owner of the certificate.

■ Both parties moved for judgment on the pleadings, each thereby admitting that the pleadings state the truth. Considering them therefore in this light, we are of the opinion that the judgment of the Circuit Court was correct and it is therefore affirmed.

AFFIRMED.

COSHOW, C. J., and ROSSMAN and RAND, JJ., concur.