## IN THE OREGON TAX COURT

Edward W. ARNOLD
and Edith M. Arnold

*v.*

## DEPARTMENT OF REVENUE

(TC 3084)

Edward W. Arnold appeared *pro se* for the plaintiffs.

James C. Wallace, Assistant Attorney General, Department of Justice, represented defendant.

Decision for defendant rendered November 8, 1991.

**CARL N. BYERS, Judge.**

Plaintiffs appeal defendant's orders which upheld assessments for personal income taxes for the years 1986 and 1987. Plaintiff Edward Arnold (Edward) appeared at the trial held October 21, 1991, and presented evidence to support plaintiffs' position. Based on the evidence submitted, the court finds the following facts:

Plaintiffs did not timely file Oregon income tax returns for 1980 and 1981. The first of many contacts took

place in November, 1982, when defendant requested returns for the years 1980 and 1981. As time went by and later returns were not filed, defendant had more contacts with plaintiffs and added the additional years. In July, 1988, defendant again demanded plaintiffs file returns for 1981 through 1986.[1] On September 8, 1988, plaintiffs filed a joint 1985 income tax return. Defendant continued to make demands and continued to have contacts with plaintiffs. Defendant's auditor met with Edward on December 2, 1988, and examined all the papers furnished by plaintiffs for 1984.

After further contacts and demands, all of the years except 1986 and 1987 were resolved. On May 28, 1989, defendant issued notices of assessment for tax years 1986 and 1987 to Edward. On November 21, 1989, defendant issued notices of assessment for the same tax years to Mrs. Arnold. The notices were accompanied by a statement of plaintiffs' appeal rights. Plaintiffs did not appeal the assessments.

On June 15, 1990, plaintiffs filed their 1986 and 1987 income tax returns. Since defendant's assessments had become final, it treated those filings as appeals. Defendant conducted a hearing and upheld its assessments because plaintiffs had not timely appealed.

Plaintiffs claim their appeal was not late. In arguing their legal position, Edward relied on ORS 314.455(1)(b).[2] However, that statute was repealed by Or Laws 1977, ch 870, § 22. In its place the 1977 legislature adopted ORS 314.466, which provides:

---

[1] Defendant received a certified letter from Mrs. Arnold in August 1988 declaring that she had insufficient income from 1981 through 1984 to file personal income tax returns.

[2] ORS 314.455(1)(b) provided:

"(1) A taxpayer may appeal to the department for the refund or revision, or both, of any income tax within the time stated below:

"* * * * *

"(b) In the case of an appeal from additional taxes assessed or taxes assessed where no return was filed, within two years from the date of notice of assessment, or three years from the time the return was filed, whichever period expires the later. Assessments shall be final after the expiration of the period specified in this paragraph and payment of the tax shall not give the taxpayer any extension of the period within which an appeal may be taken."

"The provisions of ORS chapter 305 as to the audit and examination of reports and returns, determination of deficiencies, assessments, claims for refund, conferences, appeals to the director of the department and appeals to the Oregon Tax Court, and the procedures relating thereto, shall apply to the determination of taxes, penalties and interest imposed under this chapter and ORS chapters 316, 317 and 318, except where the context requires otherwise."

■ To determine the time for contesting or appealing assessments under ORS chapter 314, we must look to ORS chapter 305. ORS 305.265(14) states in part:

"Assessments and billings of taxes shall be final after the expiration of the appeal period specified in ORS 305.280, * * *."

ORS 305.280(2) provides:

"An appeal * * * from any notice of assessment or refund denial issued by the Department of Revenue with respect to a tax imposed under ORS chapter * * * 316 * * * shall be filed *within 90 days* from the date of the notice." (Emphasis added.)

The inescapable conclusion is that plaintiffs had 90 days from the date of the notices of assessment to appeal. When they did not appeal, the assessments became final.

■ Plaintiffs claim that the assessments in question are void because they were not based upon defendant's "best information." ORS 314.400(2)(b). However, even if they were not based on defendant's best information, they are not void, but only voidable. Void acts are nullities from their inception and incapable of ratification. *Barton v. Simmons*, 129 Or 457, 466, 278 P 83 (1929). A voidable act, on the other hand, " 'takes its full and proper legal effect unless, and until it is disputed, and set aside by some tribunal entitled so to do.' " *Id.* To have the assessments declared void or invalid, plaintiffs were obligated to appeal within the statutory time allowed. Since they did not, the court cannot consider any challenge to the assessments on the merits.

This case, and others like it, are both puzzling and disturbing. Edward is an accountant whose business consists of preparing and filing income tax returns for others. Undoubtedly, he also knows how to keep records and prepare

returns for himself. It seems fair to assume that Edward knows the income tax system is based on self-assessment. Under our system, taxpayers are given a number of choices or elections. For example, taxpayers choose whether to file joint or separate returns. Likewise, choices are allowed with regard to the timing and methods of claiming depreciation and other deductions. While the state may audit returns and records to verify facts, it is in no position to prepare returns for taxpayers. When the state is compelled to assess a tax because a taxpayer refuses to self-assess, the process is usually not to the taxpayer's advantage. This will result in the taxpayer paying taxes, as well as penalties and interest, which otherwise would not be owing. Thus, it leaves the court baffled when taxpayers pursue a course of conduct which is clearly contrary to their own best interests.

■ It is natural in such circumstances to look for reasons for such conduct, such as serious illness, accident, or other debilitating causes. In this case, the only excuse offered was that it was an "extremely difficult time." By this, the court understood that Edward was referring to the loss of his timber holdings. Apparently those holdings constituted the bulk of plaintiffs' assets. While the court is sympathetic to economic reversals which wipe out fortunes and life savings, it has no authority to make exceptions to statutory laws. To the contrary, it must uphold the law and preserve the integrity of the system.

Finding that plaintiffs did not timely appeal the assessments, judgment will be entered sustaining defendant's Opinion and Order Nos. 90-1434 and 90-1435. Costs to defendant.