Michael J. RAU

*v.*

DEPARTMENT OF REVENUE

(TC 3541)

Michael J. Rau appeared *pro se.*

Rochelle Nedeau, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered November 7, 1994.

**CARL N. BYERS, Judge.**

Plaintiff appeals income tax and penalties assessed for failure to file his 1986 income tax return. Plaintiff did not timely appeal to defendant and the assessment became final.[1] Plaintiff now seeks relief from the assessment on the

---

[1] Plaintiff eventually filed his 1986 return but it is of no consequence unless defendant's assessment is invalid.

ground defendant did not use plaintiff's last-known address in assessing the tax.

Plaintiff was employed as a construction millwright, which employment required extensive travel in California, Oregon, and Washington. In 1987, plaintiff and his wife divorced. Because of the travel associated with his work, plaintiff rented a room on Camp Creek Road in Springfield where he kept his belongings and received his mail. He testified that he used that address from 1987 to 1989, but only occasionally stayed in the room. After taking a two-month vacation with his children, in late 1989 plaintiff arranged to care for a home on the McKenzie River. He used that as his part-time residence until October 1990 when he rented a duplex. He lived in the duplex for one year and in October 1991 moved to a house on West 5th Street in Eugene. In October 1992 he moved to his current address.

Defendant's enforcement program indicated plaintiff was a nonfiler. On February 2, 1989, defendant wrote plaintiff a letter requesting a copy of his 1986 return or the filing of such return within 30 days. Receiving no response, on March 14, 1989, defendant sent a second request by certified mail to file a return. Although the return receipt card was signed by someone named "Bonnie," plaintiff does not know who signed the card. On April 19, 1989, defendant sent a Notice and Demand to File a return. Each of the above notices and requests were sent to the Camp Creek Road address. When defendant received no response and the mail was not returned, defendant assumed it was received. Accordingly, on December 6, 1989, defendant issued its Notice of Determination and Assessment showing plaintiff had $10,814 in income. This notice of assessment was also sent to the Camp Creek Road address with the same lack of response. On January 2, 1990, collection action was taken and the tax and penalty assessed was collected by garnishment.

On May 15, 1990, the Internal Revenue Service issued a revenue agent's report (RAR) showing plaintiff's income for 1986 was $29,872. Based on the federal report, defendant issued its Notice of Assessment on March 10, 1992, showing $17,888 of income in addition to the $10,814 previously taxed. This resulted in additional tax of $1,789

which, with the addition of penalties and interest, came to a total of $3,714.15. This notice was also sent to the Camp Creek Road address and brought no response. Defendant proceeded to put the assessment to warrant and garnishment. Shortly thereafter, on July 22, 1992, plaintiff appealed and, on September 16, 1992, plaintiff submitted his 1986 return.

The issue is whether defendant mailed its Notice of Assessment to plaintiff's last-known address.

■ Under the statutory scheme, the legislature has imposed the primary obligation upon the taxpayer. That obligation is to self-assess the individual's personal income tax liability and to file a return with the department. ORS 316.362. If there are extenuating circumstances which prevent the timely filing of a return, the individual can obtain an extension or other forms of accommodation. ORS 314.385.

■ If a taxpayer does not file an income tax return, ORS 305.265(10) requires the department to assess a tax based on its best information and belief. By legislative direction that assessment is to be sent to the taxpayer's last-known address. ORS 305.265(11). If a taxpayer fails to keep defendant informed of the taxpayer's current address, the notice may not be received. Failure to receive the notice does not excuse the taxpayer or extend the period of time for appealing. The legislature has expressly provided:

> "Mailing of notice to the person at the person's last-known address shall constitute the giving of notice * * *." ORS 305.265(11).

Failing to comply with the obligation of filing a return puts a taxpayer at great risk. Filing a return not only allows the taxpayer to assess the tax, it provides defendant with a current address. Once defendant begins the process of collecting taxes on income where no return is filed, it will continue without interruption unless the taxpayer takes some action. If the taxpayer does not receive the notices and is not aware of the process, the taxpayer cannot take action to appeal from the assessment within the time allowed and it becomes final. When the department complies with the law and the assessment becomes final, it cannot be set aside or

changed by the court. *Arnold v. Dept. of Rev.*, 12 OTR 69, 72 (1991).

Plaintiff makes a moving argument that he is willing to pay the penalties that may be imposed for his failure to perform the obligations described above. However, he believes that where the late return shows no tax owing, he should not have to pay the tax previously assessed by the department. This belief is not consistent with the law.

■ The law makes the tax assessed by the department the final tax regardless of what the taxpayer's actual income or tax liability may have been. It is a painful lesson for most taxpayers because a tax based on the department's best information and belief, plus the penalties and interest that must be imposed, almost always exceed the amount of a self-assessed tax. This is strong medicine but it may be necessary to keep a self-assessed tax system healthy.

The court finds that defendant sent its notice of assessment to plaintiff's last-known address. Plaintiff failed to timely appeal from that notice and therefore the assessment became final. Accordingly, department's Opinion and Order No. 92-5520 must be sustained. Judgment will be entered accordingly.

Costs to neither party.