Theodore A. SIMSON,
*Plaintiff,*
*v.*
DEPARTMENT OF REVENUE,
*Defendant.*
(TC 4405)

Theodore A. Simson Plaintiff (taxpayer) filed a response *pro se.*

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, filed the motion for Defendant (the department).

Decision for Defendant rendered January 4, 2000.

**CARL N. BYERS, Judge.**

This matter is before the court on Defendant Department of Revenue's (the department) Motion for Summary Judgment and Plaintiff's (taxpayer) written response. The department's motion asserts that taxpayer failed to timely appeal a Notice of Tax Assessment and lost the right of review. Taxpayer asserts that he was not properly notified, and therefore the time for appeal never expired.

FACTS

There appears to be no dispute concerning the facts. Taxpayer mailed a 1997 personal income tax return to the department on January 29, 1998. The return claimed zero

income but requested a refund of $1,427 that had been withheld by taxpayer's employer. The department processed the return and determined that taxpayer had taxable income. The department issued a Notice of Deficiency on March 6, 1998, in the amount of $66 and also imposed a $250 penalty for filing a frivolous return. Taxpayer objected in writing. The department considered taxpayer's objections and then issued a Notice of Tax Assessment on April 14, 1998. Taxpayer did not appeal from that notice until August 28, 1998.

## ANALYSIS

The department moves for summary judgment because taxpayer's appeal was filed more than 90 days after the Notice of Tax Assessment was issued. If assessments are not appealed within the 90 days provided by ORS 305.280(2),[1] then they become final and cannot be appealed. *Arnold v. Dept. of Rev.*, 12 OTR 69 (1991). Taxpayer's response argues several points, but only one is responsive to the department's motion. Taxpayer argues that he should have received a Notice of Proposed Refund Adjustment but instead received only a Notice of Deficiency. He correctly notes that the two are not the same. He believes that his time for appeal never began and, therefore, could not end.

When a taxpayer files an income tax return claiming a refund, two statutes have potential application. ORS 305.265(2) requires the department to examine the return and if it determines that a deficiency exists, it "shall" issue a Notice of Deficiency. Similarly, ORS 305.270(3) provides, in part:

> "Upon receipt of a claim for refund, or original report or return claiming a refund, the department shall either refund the amount requested or send to the claimant a notice of any proposed adjustment to the refund claim, stating the basis upon which the adjustment is made. A proposed adjustment may either increase or decrease the amount of the refund claim or result in the finding of a deficiency. * * *"

Both notices are intended to provide taxpayers with an explanation of the adjustments to their returns, thereby

---

[1] All references to the Oregon Revised Statutes are to 1995.

enabling them to decide whether they wish to accept or appeal the adjustments. Inasmuch as the proposed adjustment to a refund claim may "result in the finding of a deficiency," the issuance of a notice denominated as a notice of proposed deficiency satisfies the requirements of ORS 305.270(3). It is doubtful that the legislature intended two notices be sent, both serving the same function but with different headings. Such duplication would not only be wasteful, it could cause confusion.

The court finds that the department correctly sent taxpayer a Notice of Deficiency. In due course, that notice was followed by a Notice of Tax Assessment from which taxpayer was obligated to timely appeal. Taxpayer did not appeal within the time allowed and therefore has lost the opportunity to argue his case on the merits. Now, therefore,

IT IS ORDERED that Defendant's Motion for Summary Judgment is granted. Defendant to recover costs and disbursements.