DECISION
A case management conference was held on November 26, 2008. Terril Perrine (Perrine) participated for Plaintiffs. Appearing for Defendant were Jim Rubbelke and Joe Honl.
 I. STATEMENT OF FACTS
The subject property, identified as Account 05012678, consisting of improvements only, was a condominium unit located at Collins Lake Resort. It was destroyed by fire on January 24, 2008.
Plaintiffs submitted an application to Defendant seeking a reassessment of the real property improvements for the 2008-09 tax year. It was signed by Perrine and dated May 29, 2008. The application was not actually submitted until nearly three months later when it was received by Defendant on August 25, 2008. Perrine stated he was aware there was a due date of "sometime in August." The instructions printed on the application he signed and dated in May clearly stated the due dates. Perrine stated part of the delay in filing was caused by difficulties in receiving the fire incident report. By letter dated September 16, 2008, Defendant denied the application as being untimely. *Page 2 
 II. ANALYSIS
A property owner whose property is damaged or destroyed by fire may apply for the reassessment of that real property. Qualification for the reassessment as of July 1 depends on the timely filing of an application. The controlling law is found at ORS 308.146(6).[1] The pertinent portion of that statute states
 "(6)(a) If, during the period beginning on January 1 and ending on July 1 of an assessment year, any real or personal property is destroyed or damaged, the owner * * * may apply to the county assessor to have the real market and assessed value of the property determined as of July 1 of the current assessment year.
 "(6)(b) The person * * * shall file an application * * * on or before the later of:
 (A) August 1 of the current year * * *."
A timely application would have changed the assessment date for the 2008-09 tax year to July 1, 2008. Plaintiffs' application for reassessment was required to be filed by August 1, 2008. Plaintiffs did not file until August 25, 2008. Therefore, Plaintiffs missed the deadline to apply for tax year 2008-09. The law does not provide the tax collector or the court with authority to excuse an untimely filing. "To the contrary, it must uphold the law and preserve the integrity of the system." Arnold v. Dept. of Rev., 12 OTR 69, 72 (1991). Extenuating circumstances, such as delays in receiving a fire marshall's report, are not determinative. Marlow v. Multnomah County Assessor, TC-MD No 030060C (April 22, 2003). *Page 3 
 III. CONCLUSION
Plaintiffs are not entitled to a reassessment of the real property for the 2008-09 tax year because the application was filed after the deadline provided in ORS 308.146(6)(b)(A). There is no provision in the law for this court to excuse an untimely filing.
Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is denied.
Dated this ____ day of December 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on December11, 2008. The Court filed and entered this document on December 11,2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.