The motion was submitted to the Court at this term without argument, and the following opinion delivered by
Parsons, C. J.
The plaintiff’s action is against the defendants on a note made and signed by Waugh, one of the defendants. As the note does not purport to be signed by Waugh and Greeley, nor by Waugh for himself and Greeley, the plaintiff must contend that Greeley is answerable as a dormant partner with Waugh; and the plaintiff offered to give evidence that they were partners in trade, negotiating together particularly in the purchase and sale of lands for their mutual profit; and that Waugh signed this note on the partnership account, and for the lands purchased for their joint benefit. This evidence being rejected, the plaintiff moves for a new trial.
* By the law merchant, a man may be answerable, as a [ * 426 ] dormant partner, on a contract made by the partnership, of which he is in fact a member. But this law is confined to trade and commerce, and does not extend to speculations in the purchase and sale of lands. When lands are sold, no man, as a dormant partner, can claim any part of the lands by virtue of any conveyance, to which he is not, on the face of it, a party. If the nominal purchaser choose to hold the lands, the party who advanced the money, if not named as a grantee, can have no title to the land, whatever remedy he may have against him to whom the land was conveyed ; he cannot, therefore, be holden to the vendor for the payment of any part of the consideration, unless he has agreed to be liable.
.In this case, there was no evidence offered that the land was conveyed by the plaintiff to Waugh and Greeley, or that Greeley in any manner authorized Waugh to bind him to the payment of this note ; or that the plaintiff sold the land on Greeley’s credit, or knew that he had any interest in the purchase ; nor was there any evidence offered that Greeley knew of the purchase, or did or could derive any benefit from it. This is decisive ; for, by the law merchant, a man is holden a dormant partner, who is not known in the partnership, because he" is interested in the profits of the trade ; and as the *374 conveyance was made to Waugh, Greeley can derive no benefit from it.
Mellen and Whitwell for the plaintiff.
Wilde and Perley for the defendants.
However, to prevent mistakes, we repeat that the law merchant does not extend to speculations in land. And by the statute of frauds, no man is chargeable on any contract concerning the sale of lands, but on some memorandum in writing, signed by himself, or by his agent lawfully authorized. In this case, there is no color for considering Waugh as an authorized agent of Greeley within the statute, (a)
Upon every view of the case, the evidence was properly rejected; and a new trial cannot be granted.

Let judgment he entered according to the verdict

 [Smith vs. Burnham, 3 Sum. 435. — Ed.]