## THORN v. THORN.

1. STATUTE OF FRAUDS. Bill praying a conveyance of real estate. Respondent, by his cross-bill, alleged that he held the same under an agreement between the parties to be co-partners in all their undertakings, and tenants in common of all real estate acquired by them. The answer alleged that if there was any such agreement, it was by parol, and so far as it related to real estate it was null and void. To this there was a demurrer on the ground that the statute of frauds does not apply to the case made by the cross-bill. *Held*, That the demurrer was properly overruled.

*Appeal from Scott District Court.*

SATURDAY, OCTOBER 6.

GEORGE THORN, the father, commenced his action against John Thorn, the son, claiming title to, and conveyance of, certain real estate. George W. and William Thorn (brothers of John) also commenced a like action against him. John filed his cross-bill, in which he says, that in 1841, the parties emigrated to the then territory of Iowa; that on their arrival here "it was agreed by and between all parties that they should pursue their several occupations for the benefit and advancement of a general interest; that the said George W., William and your petitioner should be and remain co-partners in all their undertakings and tenants in common in all real estate they might acquire."

The defendants answer, denying this agreement, and afterwards by an amendment thereto, state that if any such agreement was made, it was by parol, not in writing, and so far as the same related to real estate it was null and void, and plaintiff was not entitled to any remedy therefor in this Court. To this amendment there was a demurrer, upon the ground that the statute of frauds did not apply to the case made by the complainant in his cross-bill. This demurrer was overruled and complainant appeals.

*J. J. Lindley* for the appellant.

*James Grant* for the appellee.

WRIGHT, J.—Upon the authority of the cases cited by appellee's counsel, and particularly *Smith* v. *Burnham,* 3 Sumn. 535, we are of the opinion that the demurrer of appellant was properly overruled.   And see *Pitts* v. *Waugh,* 4 Mass. 424, Story on Part. section, 82 ; Collyer on Part. sections 3 and 51.

Decree affirmed.