[Filed March 16, 1885.]
# PETERSON *v.* FOSS.

CONVERSION OF MONEY.—When one person obtains possession of money which *ex æquo et bono* belongs to another, the latter may maintain an action to recover it.

CLATSOP COUNTY.   Defendant appeals.   Affirmed.

The facts are stated in the opinion.

*Fulton Bros.*, for Appellant.

*John Catlin*, and *Raleigh Stott*, for Respondent.

THAYER, J.—The complaint in this action contains a number of facts relating to the transaction between the parties, beginning with the sale of land in Washington Territory by the respondent to the appellant, the price therefor, the partial payments made thereon, and the execution of a promissory note to the former by the latter, with J. H. Jones & Co., for the sum of $2,000.   It is further alleged in the complaint that said note was deposited in the safe at the Occident Hotel at Astoria, for respondent; that subsequently the appellant went to said hotel, took said note, and went to Portland and collected the same, but failed to pay said sum of $2,000 to the respondent; that said note, and the money due thereon, was the property of the respondent, and that he was entitled to the possession thereof; that said appellant had failed to pay said sum to respondent, although the same was past due "and owing," and that it had been demanded.

The appellant answered the complaint, denying all the allegations thereof, and set up as a further defense, after setting out a history of the transaction as he claimed it, the payment over to the respondent of the $2,000.   The case was tried by a jury, who returned a verdict for the respondent and against the appellant for $2,092, upon which the judgment appealed from was entered.

When the appeal came on for argument before this court the respondent made a motion to dismiss it, upon the ground that

the transcript had not been filed within the time required by the statute.  It appears that the transcript was not filed with the clerk of this court for a number of days after the time provided in the statute for filing transcripts for the October term, 1884, had expired; but the appellant's counsel produced a stipulation between the attorneys for the respective parties, to the effect that the time for filing it had been enlarged, but no order for such enlargement of the time had been entered.  Upon this point the court is not agreed, and express no opinion.

The case has been heard upon the merits, and as the view taken by the court does not affect the ultimate rights of the parties, it has been deemed unnecessary to consider the question of the regularity of the appeal.  There is no error in the record that the court has been able to discover.  The action was for money had and received by the appellant for the use and benefit of the respondent, and we must, after verdict, conclude that the allegations of the complaint are true, as the jury have so found. The complaint contains redundant matter, but the gist of the action may be discovered, notwithstanding.  The essence of the complaint is that the appellant took the note and collected it. When he did so he became possessed of money which equitably belonged to the respondent, and it mattered not whether he rightfully or wrongfully went and took the note.  Whenever one person obtains possession of money which, *ex æquo et bono*, belongs to another, the latter may maintain an action to recover it.  (*Hoxter* v. *Poppleton*, 9 Oreg. 487; *Buel* v. *Boughton*, 2 Denio, 91.)

The issue in this case involved simply the payment of the money over by the appellant to the respondent after the former had collected it.  There were no errors in the instructions given by the court to the jury.  The case was fairly submitted to them, and their verdict is conclusive upon the question in controversy.

The judgment appealed from is therefore affirmed.