# CHARLESTON

### GRIFFITH v. COOK.

Submitted May 26, 1914.    Decided June 9, 1914.

FRAUDS, STATUTE OF—*Parol Agreement—Real Estate.*

    A parol agreement between two persons, not forming a partnership for purposes of speculation in lands, to the effect that one of them shall buy certain lands and take title to himself and·thereafter convey a one-third interest therein to the other, on payment of a ratable portion of the purchase price, is within the statute of frauds, and no action can be maintained on it.

Error to Circuit Court, Raleigh County.

Assumpsit by John R. Griffith against Harvey Cook. A

verdict for defendant was set aside on motion, and new trial ordered, and defendant brings error.

*Reversed and rendered.*

*File & File,* and *A. A. Lilly,* for plaintiff in error.

*T. N. Read,* and *J. H. Hatcher,* for defendant in error.

WILLIAMS, JUDGE:

Plaintiff brought assumpsit to recover money claimed to be due him from defendant for lands purchased and paid for by him on joint account of himself, defendant and another, pursuant to an oral agreement between them. Defendant pleaded the general issue and the statute of frauds. A trial was had resulting in a verdict for defendant, and, on motion of plaintiff, based on after-discovered evidence, the court set the verdict aside and ordered a new trial. To that order defendant obtained this writ of error.

Defendant denies the contract, and the testimony concerning it is very conflicting. There is no pretense that it, or any memorandum of it, was ever reduced to writing and signed by defendant. If it falls within the statute of frauds, plaintiff can not maintain his action even though he has proved it ever so clearly. Viewing plaintiff's evidence in the most favorable light, it proves that defendant orally agreed with him that he would take a one-third joint interest in certain coal lands in Shady Springs section of Raleigh county, which plaintiff then contemplated buying, and that plaintiff should buy the lands for themselves and P. L. Blankenship, and take title to himself. There is no evidence of a partnership agreement between them to speculate in the lands, nor any evidence respecting the use that was to be made of the land. Plaintiff purchased some tracts of land containing coal, paid for it with his own funds and had title conveyed to himself. He then brought this suit to recover of defendant one-third the price which he had paid. The agreement set up by the plaintiff is clearly within the statute of frauds. It is very similar to the agreement relied on in *Henderson* v. *Henrie,* 68 W. Va. 562, which we held to be within the statute and unenforcible. There two prospective bidders at a judicial sale

agreed orally between themselves that one of them should bid in the land for the benefit of both, and that they would thereafter divide it and each pay in proportion to the relative value of his part. After the purchase, Henrie, who bid in the land, refused to convey any part of it to Henderson, and in a suit by the latter to compel performance we held that the contract was for the purchase of land and unenforcible. That the purchase in that case was at a public judicial sale, and in this was by agreement with the owner, is not a distinguishing feature. The principle governing the two cases is the same. One of the earliest cases we find in Virginia, directly in point, is *Henderson* v. *Hudson,* 1 Munf. 510. That was a suit in chancery to enforce performance of an oral agreement between two persons to the effect that one of them should buy a certain piece of land on their joint account and thereafter convey a moiety to the other on payment to him of one-half the purchase price. The one who bid in the land paid all the purchase money, and then refused to convey an interest to the other. The lower court held that the agreement did not fall within the statute, and decreed performance. But, on appeal, the decree was reversed, the appellate court holding that the statute applied to such an agreement. In his opinion Judge Fleming says: ''Although, in the case before us, it (the contract) is not immediately between a buyer and seller of land, yet it is within the mischief intended to be guarded against by the statute, which being a remedial one, and intended to prevent a growing evil, ought to be liberally construed.'' That case was followed in *Walker* v. *Herring,* 21 Grat. 678, wherein it was held that: ''The statute of frauds and perjuries applies to a contract between a purchaser of real estate and a third person for an interest in the property.'' The case of *Dunphy* v. *Ryan,* 116 U. S. 491, 29 Law Ed. 703, is also directly in point. Construing a statute of Montana similar to the Virginia and the West Virginia statutes, the court there held that: ''A parol agreement that one of the parties shall purchase a tract of land on the best terms possible, and then convey an interest therein to the other party, is within the Statute of Frauds and cannot be enforced.'' In 29 A. & E. E. L. (2nd ed.) 899, it is stated to be well settled that: ''Agreements for joint purchases of land,

not for the purpose of speculation, whether the title is taken in the name of one for the benefit of all or in the individual names of the parties, are within the statute, and are required to be in writing.'' The following cases support the text, viz.: *Morton* v. *Nelson,* 145 Ill. 586; *Thorn* v. *Thorn,* 11 Iowa 146; *Alten* v. *Caylor,* 120 Ala. 251; and *Roughten* v. *Rawlings,* 88 Ga. 819.

Plaintiff's counsel insist that this case is governed by *Floyd* v. *Duffy,* 68 W. Va. 339, *Mankin* v. *Jones, Id.* 422, and *Miller* v. *Ferguson,* 107 Va. 249. But it is not. Those cases are clearly distinguishable from it. In all of those cases there was a partnership agreement to purchase and sell lands and share the profits and losses. A partnership agreement is not required to be in writing, and the law does not prohibit the formation of a partnership for the purpose of dealing in lands. In such cases the lands, acquired for the purposes of the partnership, bear the nature of personalty and are regarded as the stock in trade of the partnership. *Dale* v. *Hamilton,* 5 Hare 369. A well considered case, similar to those last above cited and deciding the same principle, is *Speyer* v. *Desjardins,* 144 Ill. 641.

In view of the statute, forbidding recovery, it is not necessary to consider the assignment of error relating to the alleged insufficiency of the after-discovered evidence. The order setting aside the verdict and granting a new trial will be reversed and an order entered here re-instating the verdict and entering judgment thereon for defendant.

*Reversed and Rendered.*