# CHARLESTON.

## COOK v. GRIFFITH.

Submitted September 21, 1915.   Decided October 19, 1915.

VENDOR AND PURCHASER—*Money Paid Under Parol Contract—Recovery by Purchaser.*

Where the vendor in an oral contract for the sale and purchase of land, voidable by the statute of frauds, is able, ready and willing to execute the contract on his part by making, executing and delivering to the vendee a good and sufficient deed for the land, upon payment to him of the balance of purchase money, or otherwise complying with his contract, the vendee can not in an action at law recover back money paid the vendor on account of the purchase money.

Error to Circuit Court, Raleigh County.

Action by Harvey Cook against John R. Griffith.   Judgment for plaintiff, and defendant brings error.

*Reversed and rendered.*

*T. N. Read* and *John M. Anderson,* for plaintiff in error.

*File & File,* for defendant in error.

MILLER, JUDGE:

In the case of *Griffith* v. *Cook,* 74 W. Va. 452, 82 S. E. 256, Cook, by pleading and relying on the statute of frauds, defeated Griffith, in an action against him for the balance of purchase money claimed as due from Cook, for an interest in six several tracts of land sold him.

In the present suit Cook sued Griffith in assumpsit to recover back the amount of purchase money paid Griffith, as he claims, in full for an interest in one of said tracts, and which Griffith had refused to convey him, but as Griffith contends, in part payment for an interest in all six of said tracts, and which he was then and had been able, ready and willing to convey him on payment of the balance of purchase money due him therefor.

On the trial below, on the defendant's plea of non assumpsit, and two special interrogatories submitted to the jury on plaintiff's motion, to be answered and returned with their verdict, the jury found for the defendant, and the interrogatories and their answers thereto were as follows: "Question 1. Did Cook agree to take an interest in any lands other than the C. C. Moomaw tract?" Answer, "Yes". "Question 2. Was the contract for an interest in all the tracts of land as claimed by John R. Griffith?" Answer, "Yes".

By the judgment complained of, the court, on motion of plaintiff to set aside the verdict, and, *non obstante veredicto,* enter judgment in his favor, and of defendant to enter judgment on the verdict in his favor, adjudged, that the motion of defendant be overruled, that the verdict for defendant be set aside; and notwithstanding the verdict, the court finding independently of the jury, that there was due and owing from defendant to plaintiff the sum of sixteen hundred and ninety dollars and seventy seven cents, it was thereupon considered and ordered that plaintiff recover of defendant said sum with interest from date with the costs of the suit.

This action of the court on these motions was evidently based on the theory that the defense interposed by Griffith was bad and immaterial, and that in view of the judgment against him in *Griffith* v. *Cook, supra,* no other or valid defense could be interposed by him. *Mason* v. *Harper's Ferry*

*Bridge Co.,* 28 W. Va. 639; 23 Cyc. 779; 1 Black on Judgments, section 16; IV Minor's Inst., Part 1, pp. 946, 947.

As the jury on the interrogatories submitted found against plaintiff on the question whether his contract was for an interest in one of said tracts only, or for an interest in all six of said tracts, binding him, the single and decisive question now presented for decision is, can a vendee in a parol contract for the sale and purchase of land, recover back money voluntarily paid by him to the vendor, when the latter is able and stands ready and willing, on payment of the balance of purchase money, to execute the contract on his part, by making, executing and delivering to the vendee a good and sufficient deed for the property? Quite a long line of decisions answer this question in the negative. *Coughlin* v. *Knowles,* 7 Met. 57, 39 Am. Dec. 759; *Sims* v. *Hutchins,* 8 Smedes & M. 328, 47 Am. Dec. 90; *Cobb* v. *Hall,* 29 Vt. 510, 70 Am. Dec. 432; *Galway* v. *Shields,* 66 Mo. 313, 27 Am. Rep. 351; *Day* v. *Wilson,* 83 Ind. 463, 43 Am. Rep. 76; *McKinney* v. *Harvie,* 38 Minn. 18, 8 Am. St. Rep. 640; *Ketchum* v. *Evertson,* 13 Johnson 359, 7 Am. Dec. 384; *Galvin* v. *Prentice,* (N. Y.) 6 Am. Rep. 58. The rule is different, of course, where the vendor is unable or refuses to execute the contract on his part. In such case the vendee may recover, not upon the oral contract, but on a contract which the law implies to refund the amount paid as for money had and received to use of plaintiff. *Blanchard* v. *D. L. & L. M. Railroad Co.,* (Mich.) 18 Am. Rep. 142; *Sims* v. *Hutchins, supra; Jellison* v. *Jordan,* 68 Me. 373; *Nugent* v. *Teachout,* 67 Mich. 571.

There are decisions holding with the views of plaintiff's counsel, that money so paid may be recovered by the vendee, notably *Brown* v. *Pollard,* 89 Va. 696; *Nelson* v. *Shelby Mfg. Co.,* (Ala.) 38 Am. St. Rep. 116. In Alabama and Michigan, and in some of the other states, contracts falling within the purview of the statute of frauds are thereby declared to be absolutely void and unenforceable; while our statute amounts rather to a rule of evidence. Indeed, the subject of the chapter, chapter 98, Code 1913, is, "Of written evidence", and the subject of the first section is: "When written evidence required to maintain action", and it provides that "No action shall be brought in any of the following cases",

naming them, and including among others the case of a contract for the sale of real estate or the lease thereof for more than a year. The Virginia statute is substantially like our own, but in the Virginia case last cited, following the Michigan cases, the court seems to treat the Virginia statute as rendering void contracts of this character. The decision in *Nelson* v. *Shelby Mfg. Co.*, *supra*, seems to be predicated, to some extent at least, upon the statute of Alabama, declaring contracts for the sale and purchase of land, not in writing and signed by the party to be charged therewith, absolutely void. Under our decisions, the statute of frauds, to constitute a defense, must be pleaded, and where there has been such partial performance thereof by one of the parties as to render it fraudulent on the part of the other to withhold performance, specific execution will be decreed. *Miller* v. *Lorentz*, 39 W. Va. 160, and the many cases collated and referred to by Judge Holt in his opinion at page 171, et seq. And some of our cases go so far as to decree specific performance of an oral contract for the sale and purchase of land, where the pleadings admit the contract, and the statute of frauds is not pleaded or relied on. *Moore, Keppel & Co.* v. *Ward*, 71 W. Va. 493, and cases cited. After due consideration of the legal principles involved and the authorities cited, our conclusion is to hold with the majority of the decided cases, and to answer the question propounded above as decisive of the case, as those authorities do, in the negative.

The judgment below will, therefore, be reversed, and a judgment entered here re-instating the verdict, and that the plaintiff take nothing by his action, and that the defendant recover of the plaintiff his costs incurred in this court, as well as those incurred in the circuit court in this behalf expended.

*Reversed and rendered.*