Argued May 8; affirmed June 29; rehearing denied
September 11, 1945

## LANHAM ET AL. *v.* REIMANN
(160 P. (2d) 318)

Before BELT, Chief Justice, and KELLY, BAILEY,
LUSK and HAY, Associate Justices.

*Otto K. Paulus,* of Salem, for appellants.

*George A. Rhoten,* of Salem (Rhoten & Rhoten and Sam F. Speerstra, all of Salem, on the brief), for respondent.

BAILEY, J. This is an action for money had and received. The complaint, after setting forth that defendant at all the times therein mentioned "was and is a duly authorized, practicing real estate broker, authorized to act as such by virtue of the laws of the State of Oregon", alleges that between the 27th day of April, 1943, and the 13th day of May of the same year the defendant became indebted to the plaintiffs in the sum of $300 "for money had and received by said defendant for the use and benefit of the plaintiffs herein." In his answer defendant denies all of the allegations of the complaint except the averment relating to his authorization to act as a real estate broker. There was a jury trial resulting in a verdict in favor of the defendant. From the judgment entered thereon, plaintiffs have appealed.

The facts in the case are not in dispute. N. L. Jennings and Ethel E. Jennings, his wife, were owners as tenants by the entirety of residential property in West Salem. Mr. Jennings, with the knowledge and consent of his wife, listed this property for sale with the defendant at the price of $2,800. M. C. Bristol, a real estate salesman, was working for the defendant. He contacted the plaintiffs who made a counter-offer to purchase the property for $2,700, and, on April 28, 1943, paid to Bristol $25 as earnest money. The receipt which Bristol signed as agent, and delivered to them, acknowledged payment of this $25 on the purchase price of $2,700, stipulated for an additional payment

of $275 within ten days, and provided that the purchasers were "to finance balance at $25 per month" and pay the cost of the loan. This receipt further provided, among other things, as follows:

> "It is agreed that if the owner does not approve the above sale, or if the title to the said premises is not marketable, or cannot be made so within thirty days after notice, with a written statement of defects, is delivered to owner, the earnest money herein receipted for shall be refunded. But if the above sale is approved by the owner and the title to the said premises is marketable, and the purchaser neglects or refuses to comply with any of the conditions of this sale and to make payments promptly, as hereinabove set forth, then the earnest money herein receipted for shall be forfeited to the undersigned agent, to the extent of the agreed upon commission, and the residue to the owner as liquidated damages, and this contract shall thereupon be of no further binding effect."

Below the receipt is the following statement signed by Mrs. Lanham: "I hereby agree to purchase the above property and to pay the price of Two Thousand Seven hundred ($2700.00) Dollars as specified above."

This offer by the plaintiffs was communicated by Bristol to Mr. and Mrs. Jennings. They, however, refused to sell the property for less than $2,800. Thereafter an oral agreement was entered into by and between the parties whereby Mr. and Mrs. Lanham agreed to purchase, and Mr. and Mrs. Jennings agreed to sell, this property for the sum of $2,800, on the terms and conditions, except as to amount of the purchase price, set forth in the earnest money receipt. Pursuant to such understanding between the parties, the plaintiffs, on May 12, 1943, paid to Bristol an additional sum of $275. The receipt which he gave them

stated that this was the balance on the down payment. The oral agreement between the parties was not reduced to writing.

Bristol, in order to consummate the transaction, procured the promise of a $2,500 loan on the property and communicated this fact to the plaintiffs. They made no objections to it. Thereupon Bristol prepared the necessary documents to effectuate the loan and took them to the plaintiffs for execution. They then advised him for the first time that they had decided not to go through with the transaction, stating that they had changed their minds. No other reason was given for their refusal. Mr. and Mrs. Jennings were at all times ready, able, and willing to perform their part of the agreement.

When the plaintiffs paid the $25 to Bristol he stated to them that, prior to acceptance of their offer by Mr. and Mrs. Jennings, the money would be repaid at any time upon demand. They had this right without any promise by Bristol. However, before any request for the return of this money was made by the plaintiffs, they accepted Mr. and Mrs. Jennings' offer and agreed to pay $2,800 for the property. This $25, together with an additional $275, was applied on the purchase price of the property.

■ According to the great weight of authority, a vendee, under an agreement for the sale of land which does not satisfy the statute of frauds, can not recover payment upon the purchase price if the vendor is ready, able, and willing to perform his part of the contract. This rule applies to oral contracts. *Barton v. Simmons,* 129 Or. 457, 278 P. 83; *Helgeson v. Northwestern Trust Co.,* 103 Or. 1, 203 P. 586; *Walbridge v. Richards,* 212 Cal. 408, 298 P. 971; *Ryan v. Shoenberger,* 224 Ill.

App. 308; *Purves v. Martin,* 122 Me. 73, 118 A. 892; *Coughlin v. Knowles,* 7 Met. (Mass.) 57, 39 Am. Dec. 759; *Sennett v. Shehan,* 27 Minn. 328, 7 N. W. 266; *McGowen v. West,* 7 Mo. 569, 38 Am. Dec. 468; *Perkins v. Allnut,* 47 Mont. 13, 130 P. 1; *Durham Consol. Land & Improv. Co. v. Guthrie,* 116 N. C. 381, 21 S. E. 952; *Weller v. Dusky,* 51 Okla. 77, 151 P. 606; *Jackson v. Frier,* 118 S. C. 449, 110 S. E. 676; *Cook v. Griffith,* 76 W. Va. 799, 86 S. E. 879, L. R. A. 1916D 466; *York v. Washburn,* 129 Fed. 564.

In *Barton v. Simmons,* supra, this court said:

"A contract, in respect to real estate, is not like a gambling contract or other illegal contracts, void as against public policy, being wholly lawful in that sense; but the law merely provides that the method of proof shall be in writing, thereby making it optional with either party to perform the contract or not as he may choose. A party commits no offense in making an oral contract to convey land, but when he attempts to enforce it, he finds himself against a stone wall in the requirement that he must produce a memorandum of the agreement in writing signed by the party to be charged."

The court, after stating "that money paid upon an oral contract for the purchase of land cannot be recovered if the vendor is ready and willing to comply with his contract," continued as follows: "The oral contract was sufficient consideration for the deposit. * * * This view of the transaction, not only satisfies the technical law of the case, but, is in accordance with justice and good morals. The defendant in his answer admits an oral contract containing every term and stipulation which would authorize plaintiff to compel specific performance, except for the important fact that it was not in writing and therefore unenforceable."

■■ In order for plaintiffs to prevail in this action, which is for money had and received, they must prove that defendant has received money which in equity and good conscience belongs to them. *Peterson v. Foss,* 12 Or. 81, 6 P. 397; *Powder Valley State Bank v. Hudelson,* 74 Or. 191, 144 P. 494; 4 Am. Jur., Assumpsit, § 20, p. 508. This they have failed to do.

The contracting parties agreed that if the vendees failed or refused to comply with the terms and conditions of the contract, the "earnest money" should be forfeited to the real estate agent "to the extent of the agreed upon commission, and the residue to the owner as liquidated damages, * * * ." All parties concerned have referred to and treated the entire $300 paid by the vendees as earnest money within the meaning of the contract.

■ A stipulation in an executory contract for the sale of land providing that payments made by the vendee shall be forfeited to the vendor as liquidated damages, in the event the vendee refuses to carry out his part of the contract, is not against public policy. *Maffet v. Or. & Cal. R. Co.,* 46 Or. 443, 80 P. 489; *Mitchell v. Hughes,* 80 Or. 574, 157 P. 965; *Anderson v. Hurlbert,* 109 Or. 284, 219 P. 1092; *Lea v. Blokland,* 122 Or. 230, 257 P. 801. In *Hansbrough v. Peck,* 5 Wall. (U. S.) 497, 18 L. Ed. 520, the contract provided that, "in case default shall be made" in the payments as specified in the contract, payments theretofore made should be forfeited to the vendor. The court held that even without such a provision the vendor would have the right to retain the money paid, and further observed:

"This mode of selling real estate in the United States is a very common and favorite one, and the principles governing the contract, both in law and

equity, are more fully and perfectly settled than in England or any other country. The books of reports are full of cases arising out of it, and every phase of the litigation repeatedly considered and adjudged. And no rule in respect to the contract is better settled than this: That the party who has advanced money, or done an act in part-performance of the agreement, and then stops short and refuses to proceed to its ultimate conclusion, the other party being ready and willing to proceed and fulfil all his stipulations according to the contract, will not be permitted to recover back what has thus been advanced or done."

In the instant case the provision as to the forfeiture of payments made did not add to or detract from the right of the defendant, as agent of the vendors, to retain for his principals the money which had already been advanced by the plaintiffs. The latter, having refused to proceed with the contract, are in no position to ask for a return of payments made by them.

It is asserted by the plaintiffs that the defendant was not entitled to a commission for the sale of the land to them for the reason that the land was held by Mr. and Mrs. Jennings as tenants by the entirety, and Mrs. Jennings had not signed the contract authorizing the defendant to act as real estate broker. Whether or not the defendant is entitled to a commission is not here for determination. Plaintiffs are nowise concerned in that matter. Regardless of whether the defendant is entitled to a commission, plaintiffs can not recover the $300, or any part thereof, paid on the purchase price of the land.

We find no error in the judgment appealed from, and it is therefore affirmed.