Argued September 9, reversed and remanded November 14, 1975

GOLDEN, *Respondent, v.* GOLDEN ET UX,
*Appellants.*

541 P2d 1397

*James C. Wilson, Jr.*, Central Point, argued the cause and filed a brief for appellants.

*Steven P. Pickens* of Pickens & Webber, Medford, argued the cause and filed a brief for respondent.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

O'CONNELL, C. J.

This is an action for money had and received in which Earl Golden seeks to recover payments he made pursuant to an oral land sale contract. The case was heard without a jury. The court entered a judgment for $3,000 in favor of plaintiff and defendants appeal. Defendants are Richard and Linda Golden, the son and daughter-in-law of plaintiff.

Plaintiff orally agreed to purchase a mobile home and five acres of land from defendants for a

total purchase price of $13,500, paying $3,000 down and assuming the obligation to pay $85 per month to the vendor from whom defendants had purchased the property under an installment contract. Defendant Richard Golden testified that defendants had received a previous offer of $13,500 from another prospective purchaser. Plaintiff moved onto the property which was occupied by defendants. They lived together on the property for a short period of time during which plaintiff made six monthly payments of $85 each. As a result of a family dispute, defendants left the property and purchased another home and lot, and a few months later plaintiff left the property. Thereafter he refused to make any further payments and demanded of defendants the return of all the money he had paid pursuant to the oral contract.

When plaintiff refused to make any further payments on the contract defendants made an effort to sell the property for $13,500, the purchase price agreed upon in the oral contract between plaintiff and defendants, but they were unable to find a buyer at that price. Defendants finally sold the property for $12,200.

In the trial of the case defendants attempted to introduce evidence of the oral agreement and the loss suffered by defendants because of the breach of the oral agreement, but the trial court rejected it on the ground that the oral agreement was void under the Statute of Frauds (ORS 41.580(5)).[1]

The record leaves no doubt that plaintiff's action is brought to recover payments upon a contract to purchase the property in question. This is not a

---

[1] The trial court said: "There is no contract. It's void. There is no agreement, and unless it's a gift or he's a mere volunteer, these people have to return his $3,000 to him. It's that simple. There is just absolutely no agreement, period. The statute says it's void * * *."

case where recovery of funds is sought because there was not a meeting of the minds on the terms of the sale, or because of some other deficiency in reaching an agreement for the sale of the property. The opening statement of plaintiff's counsel makes it .clear enough that the plaintiff agreed to purchase the property, made the down payment, occupied the premises and paid six monthly installments pursuant to the agreement to purchase. Plaintiff was forced to admit that a contract existed because without the evidence of the transaction, there was no explanation as to how defendants happened to have money now claimed by plaintiff and why he is now claiming its return.[2] However, plaintiff takes the position that he can use the evidence of the oral agreement to explain the nature of his claim, yet at the same time preclude the use of the identical evidence by defendants to show that they were entitled to retain the money claimed by plaintiff. Unless there is some legerdemain in the law which transcends logic and fairness, plaintiff's position cannot be accepted.[3] If the policy of the Statute of Frauds precludes defendants from proving an oral agreement to explain why they are entitled to retain funds received by them, it would seem that the same policy should preclude plaintiff from

[2] "* * * Indeed, the terms of the oral agreement must be considered if the subsequent acts of the parties in rendering and accepting partial performance are to be properly understood. For in the absence of the defendant's request and his promise of return performance embodied in the oral agreement, the plaintiff's action in conferring a benefit upon him would resemble that of an officious intermeddler, and no recovery in restitution could be obtained." Jeanblanc, *Restitution Under the Statute of Frauds: What Constitutes an Unjust Retention,* 48 Mich L Rev 923 at 934-35 (1950).

[3] Where vendor was willing to perform, the vendee's reliance upon the Statute of Frauds to recover earnest money deposited in escrow was described as a "bunko trick" by the court in Barton v. Simmons, 129 Or 457, 468, 278 P 83 (1929).

proving an oral contract to explain why he is entitled to recover funds paid by him.

However, it is not necessary to solve the problem before us on an equation of fairness; the answer can be found by giving the Statute of Frauds the interpretation which comports with its purpose.[4] As an eminent legal scholar has said, "[a] contract where the parties have not complied with the requirements of the statute is neither void nor voidable; it has much effect upon the legal relations of the contracting parties with each other and with third persons. It can properly be described as unenforceable, however, inasmuch as the ordinary legal remedies are unavailable."[5]

■■■ Stated differently, it can be said that the purpose of the Statute of Frauds is to prevent the enforcement of oral contracts relating to land; the statute is not operative when evidence of the oral contract is used not to enforce the contract but to obtain other relief.[6] This explains why, in an action to recover the down payment on an oral contract for the

---

[4] The pertinent part of the Statute of Frauds in the present case reads:

ORS 41.580. "In the following cases the agreement is void unless it, or some note or memorandum thereof, expressing the consideration, is in writing and subscribed by the party to be charged, or by his lawfully authorized agent; evidence, therefore, of the agreement shall not be received other than the writing, or secondary evidence of its contents in the cases prescribed by law. * * * * *

"(5) An agreement for the leasing for a longer period than one year, or for the sale of real property, or of any interest therein."

[5] 2 Corbin on Contracts § 279, pp. 20-21 (1950). See Barton v. Simmons, supra note 3; but see, Webster et ux v. Harris, 189 Or 671, 222 P2d 644 (1950).

[6] It is sometimes said that the requirement that a promise to convey land be in writing is for the protection of the vendor only. See cases collected in Annotation, 169 ALR 185, 192 (1947); 73 Am Jur2d, Statute of Frauds § 542, at 179 (1974).

sale of land, the vendee can introduce evidence of the oral contract. It also explains why the vendor can interpose a defense resting upon the existence of the oral contract. For these purposes, the oral contract is as valid as if it were in writing. This is recognized again and again in the large number of cases in which the vendee seeks to recover payments made upon an oral land sale contract.[7]

██ In such actions for restitution the vendee's right to recover rests upon proof that the vendor would be unjustly enriched were he permitted to retain the moneys paid pursuant to the contract.[8] If the vendor is ready and able to perform the oral contract, the vendee is denied recovery.[9] If the vendor is unable to perform the oral contract because of his own conduct, the vendee is entitled to recover payments made pursuant to the contract.[10]

[7] *See* 2 Corbin on Contracts § 325, pp. 161-163 (1950); 73 Am Jur2d, Statute of Frauds § 541, pp. 177-178 (1974); Note, 12 Wash & Lee L Rev 124 (1955).

[8] As explained in Smith v. Rubel, 140 Or 422, 426, 13 P2d 1078, 87 ALR 644 (1932), although an action for money had and received is at law, it is "governed by equitable principles * * *. The generally accepted test which determines whether a recovery may be had is whether the defendant, in equity and good conscience, is entitled to retain the money to which the plaintiff asserts claim. [citations omitted]"

[9] Restatement of Contracts § 355 (1) and (4) (1932): "(1) The rules governing restitution as a remedy against one in default on a contract that is unenforceable by reason of a Statute of Frauds are the same as in the case of contracts not within the Statute, except as qualified by the rules stated in Subsections (2, 3,).

"(4) There is no right of restitution against a defendant who is not in default and who is ready and willing to perform the contract or to execute a memorandum sufficient to make it enforceable, except to the extent that such a right would exist if the requirements of the Statute were satisfied and the contract an enforceable one."

*Accord*: Lanham v. Reimann, 177 Or 193, 160 P2d 318 (1945).

[10] Brady v. Ray, 223 Or 613, 617, 353 P2d 554, 355 P2d 258 (1960) and cases cited therein.

■ However, if vendor is unable to perform because of the conduct of the vendee, the vendor should be entitled to set off against vendee's claim for a return of his payments the loss suffered by vendor as a result of the vendee's breach. The principle which is applicable here is stated by Corbin, as follows:

"* * * [I]t is clear that the vendee in default should in no case be given restitution of money paid unless it affirmatively appears that the money so paid is in excess of the injury caused to the vendor by the breach. The vendee sues because he asserts that retention of the money is unjust enrichment; but there is no injustice if the defendant is retaining no more than the amount of injury caused by the plaintiff's breach. In cases where the plaintiff may have a right of restitution, he should be permitted to show that the defendant's injury is less than the instalments paid; but unless he successfully shows this, he should recover nothing." Corbin, *The Right of a Defaulting Vendee to the Restitution of Instalments Paid,* 40 Yale L J 1013, 1023 (1931).[①]

"* * * * *

In the present case defendants attempted to prove that they were forced to sell the property in question because they had contracted to purchase another parcel of property where they made their home and because they were so committed they did not have the money to make the payments on both contracts. They also attempted to prove that in attempting to

---

[①] This principle is stated in Restatement of Contracts § 357, p. 623-24 (1937): "(1) Where the defendant fails or refuses to perform his contract and is justified therein by the plaintiff's own breach of duty or non-performance of a condition, but the plaintiff has rendered a part performance under the contract that is a net benefit to the defendant, the plaintiff can get judgment * * * for the amount of such benefit in excess of the harm that he has caused to the defendant by his own breach * * *." *See,* Wyvell v. Jones, 37 Minn 68, 33 NW 43 (1887); 48 Mich L Rev, *supra* note 2 at 956.

sell the property after plaintiff's default they tried to obtain $13,500, but that the best price they could get was $12,200.

■ Inasmuch as the trial court did not consider this evidence admissible because of the Statute of Frauds, no decision was made as to the extent to which defendants were entitled to set off their losses against plaintiff's claim based upon the alleged unjust enrichment of defendants. Therefore, the case must be remanded to permit the parties to adduce evidence consistent with the rationale of this opinion.

Reversed and remanded.