Submitted June 19, affirmed September 12, 1978

GONYEA, *Appellant,*
*v.*
RICH, *Respondent.*
(No. 77-2900, SC 25534)

583 P2d 539

Robert D. Woods, of Young, Horn, Cass & Scott, Eugene, for appellant.

No appearance for respondent.

DENECKE, C. J.

## DENECKE, C. J.

The trial court, trying the case without a jury, found for the defendant in this action for money had and received and plaintiff appeals. We affirm.

We do not consider the first three assignments of error. The plaintiff contends the trial court erred in finding certain facts or in failing to find as requested by plaintiff. The facts in these findings or requested findings are not relevant to the disposition of the case; therefore, even if the trial court erred, the error would be harmless.

Plaintiff's other assignment of error amounts to a contention that there is no evidence to support the trial court's judgment. We conclude there was such evidence.

The only witnesses were the defendant and his agent. They testified as follows: The defendant and one Carlstrom had a lease on a building known as the Jefferson Elevator. The defendant, personally or through a corporation, had renovated or was in the process of renovating the building into a gallery of shops. As defendant informed plaintiff, defendant needed money immediately to pay bills incurred in the renovation. The plaintiff on two occasions, the second occasion being February 1977, delivered a total of $23,000 to defendant with the understanding that the money was to be used for paying renovation bills. The money was so used soon after delivery by plaintiff. The understanding also was that a limited partnership was to be formed with plaintiff as a limited partner and a corporation in which defendant had a principal interest as the general partner.

The plaintiff was aware that before the limited partnership could be formed defendant had to acquire Carlstrom's interest in the lease and the corporation.

In April 1977 plaintiff's attorney informed defendant that within one week the defendant had to sign the limited partnership agreement the attorney had previ-

ously sent defendant, or sign a note for the money advanced, or plaintiff would sue. Plaintiff's attorney also required that the interest of Carlstrom be eliminated. Defendant retained attorneys to secure Carlstrom's interest; however, this was not accomplished by the latter part of May and plaintiff filed this litigation. At the time of trial defendant had acquired Carlstrom's interest and was prepared to sign the limited partnership agreement.

■ As stated, this was an action for money had and received. The test for determining whether a recovery should be allowed in such an action is, "whether the defendant, in equity and good conscience, is entitled to retain the money to which the plaintiff asserts claim." *Smith v. Rubel,* 140 Or 422, 426, 13 P2d 1078, 87 ALR 644 (1932), followed in *Golden v. Golden,* 273 Or 506, n 8, 541 P2d 1397 (1975).

■ We conclude, as did the trial court, that at the time the plaintiff filed this lawsuit, defendant was entitled to retain the money.

Plaintiff advanced the money to pay debts incurred in renovating Jefferson Elevator. In consideration for the advances, defendant agreed to form a limited partnership for the operation of the building with plaintiff being a limited partner. Plaintiff knew defendant had to obtain Carlstrom's interest before the limited partnership could be formed. The parties did not fix any time for formation of the partnership; therefore, a reasonable time should be allowed.

The plaintiff did not contend that an unreasonable time had elapsed and the trial court found that if plaintiff had so contended, plaintiff did not introduce any evidence proving that an unreasonable time had expired. The burden of proof on this issue rests upon the plaintiff; therefore, we conclude the trial court did not err.

Affirmed.