FOSTER, *Plaintiff,*

*v.*

MILLER, *Appellant,*

BALL, et ux, *Respondents.*

(No. 37-723, CA 10724)

593 P2d 1289

Marvin D. Bowen, Tigard, argued the cause and filed the brief for appellant.

F. Gordon Allen, Beaverton, argued the cause for respondents. With him on the brief was Bolliger, Hampton & Tarlow, P.C., Beaverton.

Before Schwab, Chief Judge, and Thornton, Lee and Gillette, Judges.

THORNTON, J.

**THORNTON, J.**

This appeal involves an interpleader proceeding brought to resolve a dispute over who is entitled to an earnest money payment of $10,000 deposited in an abortive real estate transaction. The transaction involved a motel in Beaverton.

The parties in the case are as follows: Plaintiff is a licensed real estate broker who represented the sellers in the transaction. Defendants are Blanche Miller, the prospective buyer (Buyer) and Mr. and Mrs. Nathan Ball, the would-be sellers (Sellers) who reside in Idaho. Both Sellers and Buyer claim the $10,000. Mert Enquist and Associates, Inc., another real estate broker involved in the transaction, made no appearance, and a default judgment was entered against it. Plaintiff brought the instant interpleader to determine which defendants should receive this sum. The trial court, after a trial on the merits, concluded that Sellers were entitled to the entire sum. Buyer appeals, contending that the court erred in finding that the earnest money deposit was reasonable and bore a relationship to the damages actually suffered and were agreed upon by Buyer and her agents.

The essential facts are as follows:

Defendant Blanche Miller was interested in investing a substantial sum of money. Her son, George Miller, employed a Mrs. Babicky, a Certified Public Accountant, to look for suitable opportunities. Ultimately, Mrs. Babicky located Sellers' motel and signed the printed form earnest money agreement on behalf of Buyer to purchase the motel for $900,000. The agreement was prepared by Mrs. Babicky and her real estate broker, Mert Enquist. It was Enquist who inserted the $10,000 figure in the form. The amount was not discussed with or between any of the parties. However, George Miller agreed to the sum and later ratified the agreement by delivering his own company's check in that sum to redeem the promissory

note first deposited. Subsequently, the son accepted reimbursement from his mother in that amount. Later, Sellers, Mr. and Mrs. Ball, also signed.

The agreement provided:

" * * * [I]f * * * purchaser fails to complete purchase * * * the earnest money herein receipted for and any additional earnest money paid or agreed to be paid shall be forfeited to seller as liquidated damages * * *."

The agreement further provided:

"* * * Seller agrees to pay above named realtor [Enquist] the sum of $45,000.00 for services rendered in this transaction. In the event purchaser fails to complete the sale as herein provided, the realtor shall be entitled to receive and retain the earnest money herein receipted for to the extent of the above agreed upon fee, with residue to seller * * *."

However, plaintiff, a real estate broker employed by Sellers, expressly disclaimed all interest in the $10,000 earnest money.

Buyer subsequently decided against going through with the transaction, thus precipitating the instant lawsuit.

The law in this state relative to liquidated damage clauses has recently received attention by our Supreme Court. However, we need not discuss these decisions inasmuch as we decide this case on a different ground.

Buyer, through her agents, having fixed the amount in the first place, and having thereafter ratified the transaction, is not in a position to claim that the amount is unreasonable. *See Lanham v. Reimann*, 177 Or 193, 160 P2d 318 (1945).

Accordingly, we affirm the judgment of the trial court.

Affirmed.