Argued and submitted January 5, reversed and remanded July 31, 1979

# APPALACHIAN REGIONAL HOSPITALS, INC., *Appellant,*
*v.*
## HENRY, *Respondent.*

(No. 424-331, SC 25529)

597 P2d 1247

J. Rion Bourgeois, of Evans, Anderson, Hall & Grebe, Portland, argued the cause for appellant. With him on the briefs was Philip H. Lowthian, Portland.

Steven H. Pratt, of Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland, argued the cause for respondent. On the brief was Mark H. Wagner, Portland.

Before Denecke, Chief Justice, and Holman, Howell and Lent, Justices.

DENECKE, C. J.

## DENECKE, C. J.

Plaintiff brought this action to recover amounts advanced to defendant under an educational loan agreement. Defendant claimed that plaintiff had breached the agreement and was entitled to recover nothing. The jury returned a verdict for defendant and plaintiff appeals. We reverse.

The plaintiff is a charitable organization operating hospitals in the Appalachian area. The defendant worked for it in various capacities. Defendant desired a doctor's degree in social work and was accepted by the University of Southern California. Defendant obtained a loan from the plaintiff to finance his graduate work.

The loan agreement provided that plaintiff would loan defendant $20,000 over a two-year period. In return, defendant agreed to return to the plaintiff's employ. The plaintiff agreed to furnish defendant an appropriate position upon his return and to forgive defendant's debt at the rate of $416.66 per month while defendant worked for the plaintiff.

When defendant notified the hospital that he was prepared to return, the hospital offered him a position as a research specialist. This was a position which defendant had supervised when he previously worked for the hospital. Defendant notified the hospital that he was of the opinion that the position was not appropriate. When no other position was offered by the hospital, the defendant accepted employment elsewhere.

The hospital brought this action on the theory of money had and received and contended the defendant would be unjustly enriched if he were allowed to retain the loan proceeds. Defendant countered by contending the hospital could not recover because it had breached its contract to provide an appropriate position for defendant.

[153]

The contract was signed in Kentucky. The only contact Oregon has with the litigation is that the defendant now is employed and resides in Oregon and Oregon is the forum. There was a choice of law issue in the trial court but in this court the parties either assumed Oregon law applies or that Oregon law is the same as the applicable state law. For this reason we will decide the case upon Oregon law.

■ The basic question is whether a plaintiff who sues for money had and received is barred from recovery because the plaintiff has failed to perform a duty that goes to the essence of the contract. We hold such a plaintiff is not barred.

■ The reason plaintiff is not barred is the same as that underlying equitable rules against the enforcement of penalties and forfeitures which we recently reaffirmed in *Elsasser v. Wilcox,* 286 Or 775, 596 P2d 974 (1979). 5A Corbin, Contracts § 1122 (1964). If the plaintiff has conferred a substantial benefit on the defendant but has failed to perform all of his contractual obligations, "to allow the injured party [defendant] to retain the benefit of the part performance so rendered, without making any return performance and without making restitution of any part of such value, is the enforcement of a penalty or forfeiture against the contract breaker." 5A Corbin, *supra,* at p 3.

We have long subscribed to the rule that plaintiff is not barred. For example, *Trachsel v. Barney,* 264 Or 29, 34, 503 P2d 696 (1972), and *Golden v. Golden,* 273 Or 506, 511-512, 541 P2d 1397 (1975). The American Law Institute adopted the rule as embodied in § 357, Reinstatement, Contracts.

■ In order that the defendant not be penalized by the failure of the plaintiff to fully perform the contract, the damage to the defendant caused by the nonperformance of plaintiff must be offset against value of the benefit conferred by the plaintiff on the defendant.

§ 357, Restatement, Contracts, states this procedure: "[T]he plaintiff can get judgment * * * for the amount of such benefit [conferred upon defendant] in excess of the harm that he has caused to the defendant by his own breach * * *."

In a case in which the vendee was seeking to recover payments made to the vendor, we stated: "* * * [I]f vendor is unable to perform because of the conduct of the vendee, the vendor should be entitled to set off against vendee's claim for a return of his payments the loss suffered by vendor as a result of the vendee's breach." *Golden v. Golden, supra* (273 Or at 512).

The legal issue was raised by plaintiff's motion for a directed verdict which was denied. Plaintiff assigns the ruling as error.

There were questions at trial whether the hospital had a duty to provide defendant with appropriate employment and whether the hospital had breached that duty. There was evidence to support the jury's verdict which must have been based upon findings that the hospital had such a duty and had breached it.

■ There was also evidence from which the jury could find that defendant suffered damage because of plaintiff's failure to provide an appropriate position for him. If the jury so found, the damages should be offset against the benefit conferred upon defendant, reducing or eliminating plaintiff's recovery. The trial court did not err in denying the motion for directed verdict.

■ The plaintiff also assigns as error an instruction given and the trial court's failure to instruct as requested by plaintiff. The trial court instructed: "If you find that the plaintiff substantially failed to meet the terms and conditions of the agreement, the defendant would have no duties or obligations thereunder and you would be required to return a defense verdict." It failed to instruct, as requested, in essence, that plaintiff's measure of recovery is the sum loaned defendant less the damages incurred by defendant

because of plaintiff's failure to perform. The instruction given and the failure to give the requested instructions materially misinformed the jury of the correct law as stated above and, therefore, the case is reversed and remanded for a new trial.

Reversed and remanded.