Argued and submitted February 23, remanded for further
proceedings consistent with this opinion November 16, 1981

DEERING, dba Interstate Plumbing,
*Respondent,*

*v.*

ERPELDING CONSTRUCTION CO., INC.,
*Appellant.*

(No. 112,181, CA 18675)

636 P2d 429

Robert W. Muir, Albany, argued the cause for appellant.
On the brief were C. S. Emmons and Emmons, Kyle, Kropp
& Kryger, Albany.

Paul M. Ferder, Salem, argued the cause for respondent.
With him on the brief was Ferder, Ogdahl & Souther,
Salem.

Before Buttler, Presiding Judge, and Warden and
Warren, Judges.

WARREN, J.

## WARREN, J.

Plaintiff, a plumbing subcontractor, brought this action against defendant contractor in *quantum meruit* for work done under a partially performed plumbing subcontract. The parties agreed that the work actually done by plaintiff amounted to between 30 percent and 35 percent of the total contract. Plaintiff's claim was for 35 percent of the total contract price, or $9,292.50, and defendant counterclaimed for a setoff. The trial court awarded plaintiff a judgment computed by multiplying the total contract price by the percentage of the work which it found was actually done by the plaintiff, less the cost of correcting defects in plaintiff's work. Defendant appeals, contending that the trial court erred by failing to measure the reduction by the difference between the cost of completing the contract by a second plumber and the original contract price.

The plumbing subcontract called for periodic progress payments to be made by defendant on plaintiff's request. Plaintiff completed most of the "underground" work (the part of the plumbing installed under a cement slab), but did no further work on the project. He testified that he was waiting to be paid a progress payment before he finished the job. Defendant, on the other hand, had testimony that it did not pay plaintiff because plaintiff had been dilatory in the work. Defendant took the position that plaintiff's failure to continue the work amounted to an abandonment of the contract.

Defendant concedes that plaintiff was entitled to recover the reasonable value of services actually performed and contends only that the award to plaintiff should be reduced by the difference between the contract price and the cost of completing the work, after it was allegedly abandoned by plaintiff. Defendant's contention that it was entitled to a reduction as a matter of law relates to the trial court's apparently inconsistent conclusions found in the following language taken from the judgment:

"1. Plaintiff was justified in refusing to continue the job when he had not been paid;

"2. Defendant was justified in terminating Plaintiff;

"3. Defendant has not sustained its burden of proof on damages for delay.

"4.  Plaintiff is entitled to judgment against Defendant in the amount of $6,830.00 computed as follows:

| | |
|---|---|
| "Contract Price | $26,550.00 |
| "30% Underground | 7,965.00 |
| "97% Complete | 7,726.05 |
| "LESS: Backcharges | 896.05 |
| "TOTAL | $ 6,830.00" |

Defendant contends that, because the trial court found that it was justified in terminating plaintiff (presumably for plaintiff's lack of diligence in performing the work), it is entitled, as a matter of law, to a credit for the cost of completing the work pursuant to a "takeover" clause in the contract. That clause provides that, in the event the subcontractor failed to proceed with diligence in the performance of the work required under the agreement or failed

" * * * to correct, replace or re-execute faulty or defective work, * * * the CONTRACTOR shall have the right after a seven calendar day notice confirmed in writing to take over the work and to complete the same at the cost and expense of the SUBCONTRACTOR * * * ."

The trial court's conclusion that plaintiff was justified in ceasing performance because he had not been paid is not inconsistent with a finding that plaintiff was in breach of the contract for failure to pursue the work with diligence. If the trial court's statement that "[d]efendant was justified in terminating plaintiff" is taken to mean that plaintiff was in breach of the agreement, then, although plaintiff would be entitled to the reasonable value of his services, defendant would be entitled to damages sustained as specified in the takeover clause, due to plaintiff's failure to complete the agreement. *Appalachian Regional Hospitals, Inc. v. Henry,* 287 Or 151, 154, 597 P2d 1247 (1979); *Wasserburger v. Amer. Sci. Chem.,* 267 Or 77, 84, 514 P2d 1097 (1973).

In *Hawkins v. Teeples and Thatcher,* 267 Or 151, 158, 515 P2d 927 (1973), the Supreme Court said:

" * * * when findings of fact by a trial court are either so inconsistent or so confusing, vague or indefinite that this court cannot determine the facts that the trial court

intended to find, such findings are insufficient to support a judgment."

The trial court specifically found that defendant had failed to sustain its burden of proof concerning damages for delay, and it made no finding concerning damages, if any, to which defendant might be entitled for the cost of completion of the project. We cannot tell whether the trial court, without saying so, intended to find defendant had failed to sustain its burden of proof on that issue, or whether its failure to award defendant an additional setoff for the cost of completion under the "takeover" provision of the contract was an oversight. Because the findings in this case are incomplete and ambiguous, we cannot determine what the trial court intended by its judgment.

It does not appear that the taking of additional evidence is necessary for a proper determination of this case. Accordingly, we conclude it is appropriate to remand it for further findings, rather than a new trial. *Hawkins v. Teeples and Thatcher, supra,* 267 Or at 161. On remand the trial court may either make additional findings clarifying the judgment entered or render a different judgment, depending on its conclusion as to whether defendant had carried its burden of proof on its entitlement to a further setoff for the cost of completion.

Remanded for further proceedings consistent with this opinion.