Argued and submitted March 11, 1993, affirmed January 19, 1994

R. Patrick SCANLON,
*Respondent,*

*v.*

Robert A. JENSEN,
*Appellant,*
*and*

Thomas R. SANFORD
and Anne H. Sanford,
*Defendants.*

(880402337; CA A73290)

867 P2d 560

Appeal from Circuit Court, Multnomah County.

Robert P. Jones, Judge.

Stephen R. Frank argued the cause for appellant. With him on the briefs were Michael J. Gentry, Robert E. L. Bonaparte and Tooze Shenker Holloway & Duden.

Barbee B. Lyon argued the cause for respondent. With him on the brief was Tonkon, Torp, Galen, Marmaduke & Booth.

Before Deits, Presiding Judge, and Riggs, Judge, and Durham, Judge pro tempore.

DURHAM, J. pro tempore.

### DURHAM, J. pro tempore

■ Plaintiff, R. Patrick Scanlon, the assignee of Northern Properties, brought this action to recover commissions he claimed that defendant, Robert A. Jensen, owed Northern Properties in connection with certain real estate transactions. The contractual relationship between the parties was governed by interrelated documents, but the focus of the present dispute is the following paragraph in the "commission agreement," which was prepared by defendant:

> "Northern Properties shall receive a commission of $70,000 for their [*sic*] services related to the exchange of [defendant's] Evergreen Park Apartments and the ultimate sale of the properties traded for Evergreen Park Apartments."

Ultimately, properties other than those contemplated at the time the agreement was reached were traded for the apartments and then sold. Plaintiff argues that the commission is due under the agreement if *any* properties were traded and sold with the assistance of Northern Properties' services, and defendant argues that the agreement provides for a commission only if the *specific* properties that were being considered at the time the agreement was executed were traded.[1]

The trial court, sitting without a jury, found that Northern Properties had performed services related to the sales that did take place, and that the commission rights under the agreement applied to those sales. However, because the court found that Northern Properties' "services were not totally in keeping with the intent of the Agreement," it awarded plaintiff $55,000, rather than the $70,000 commission specified in the agreement.

Defendant appeals. He first argues that the agreement does not provide for a commission unless the properties originally contemplated were exchanged for the apartments and sold. We disagree. The agreement is unambiguous. It refers to the "ultimate sale of the properties traded for" the apartments and does not specify any particular properties.

---

[1] We reject defendant's characterization that this appeal presents an issue of *quantum merit*.

Most of defendant's other arguments fail along with the first. The only other argument he makes that warrants discussion is that the court found that Northern Properties had materially breached the contract and, therefore, it was error to award damages to plaintiff. Defendant is wrong as to both the facts and the law. The court did not characterize the shortfall in Northern Properties' performance as either a "breach" or "material." In any event, Northern Properties was entitled to recover for the benefit it conferred on defendant, less any harm that it caused. *Appalachian Regional Hospitals, Inc. v. Henry*, 287 Or 151, 154, 597 P2d 1247 (1979). Defendant shows no error.

■ In a cross-assignment, plaintiff contends that the court "erred in holding that plaintiff was not entitled to recover the full $70,000 of the commission." As plaintiff appears to acknowledge, he did not cross-appeal and that issue, therefore, cannot be considered.

Affirmed.